# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CECIL R. EVANS,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0244** (BOR Appeal No. 2049844)
(Claim No. 2010113413)

**BRADLEY PUBLIC SERVICE DISTRICT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cecil R. Evans, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bradley Public Service District, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2015, in which the Board affirmed an August 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's July 8, 2013, decision granting Mr. Evans a 6% permanent partial disability award. The Office of Judges modified the decision to state that Mr. Evans was granted an additional 6% award above the 10% award already granted for a total permanent partial disability award in the claim of 16%. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Evans, a waste water treatment plant worker, was injured in the course of his employment on November 6, 2009, when he was involved in an automobile accident. The claim was held compensable for contusion of the face, scalp, and neck as well as closed fracture of the astragalus. On April 7, 2010, Joseph Grady, M.D., performed an independent medical evaluation in which he diagnosed cervical myofascial strain, resolved facial contusion, and history of

1

fracture of the right ankle. He found that Mr. Evans had reached maximum medical improvement for the compensable conditions. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he assessed 0% impairment for the contusions, 3% impairment for the right ankle, and 0% impairment for the cervical sprain.[1] In a second independent medical evaluation in November of 2010, Dr. Grady diagnosed healed right talus fracture; left shoulder strain with labral and rotator cuff tears; and resolved contusions of the face, scalp, and neck. He noted that Mr. Evans reported cervical discomfort; however, Dr. Grady found no signs of definite radiculopathy. Dr. Grady determined that Mr. Evans needed shoulder surgery and that he was therefore not at maximum medical improvement for the condition. It was noted that if he elected not to undergo surgery, he would be at maximum medical improvement. Dr. Grady assessed 3% whole person impairment for the right ankle. On July 12, 2011, Dr. Grady found that Mr. Evans had reached maximum medical improvement and assessed 7% left shoulder impairment. The claims administrator granted Mr. Evans a 10% permanent partial disability award representing 3% for the right ankle and 7% for the left shoulder on July 29, 2011.

Rebecca Thaxton, M.D., performed two physician reviews in this case regarding the cervical spine. In November of 2010, she recommended that cervical spondylosis without myelopathy and displacement of intervertebral disc without myelopathy not be added to the claim. She noted that Randall Short, D.O., arrived at the same conclusion in his physician review. She stated that an MRI taken six months before the compensable injury showed spondylotic disc protrusions at C5-6 and C6-7, and an EMG of the upper extremities was normal. Dr. Thaxton stated that spondylosis is a non-specific diagnosis that often refers to degenerative disc disease. In December of 2010, Dr. Thaxton recommended that a repeat cervical MRI be denied. She determined that while the MRI was necessary, it was not related to the compensable claim. She found that prior to the compensable injury, Mr. Evans had degenerative changes of his spine and a herniated disc. She concluded that an MRI taken in November of 2010 would not be reflective of changes due to a November of 2011 injury, especially given that an interim scan was taken. The changes seen on the new MRI scan were found to not be the result of the compensable injury.

Robert Walker, M.D., performed an independent medical evaluation on March 5, 2013, in which he noted that Mr. Evans sustained a cervical spine sprain, left shoulder rotator cuff tear, and a fracture of the talus of the right ankle as a result of the compensable injury. Dr. Walker assessed 12% cervical spine impairment using the American Medical Association's *Guides*. He placed Mr. Evans in Cervical Category II of West Virginia Code of State Rules § 85-20-C (2006) and adjusted the rating to 8%. He assessed 9% whole person impairment for the left shoulder and 7% whole person impairment for the right ankle which he combined for a total impairment rating of 19%. Dr. Grady performed a final independent medical evaluation on June 26, 2013, in which he assessed 0% impairment for the neck, face, and scalp contusions; 4% impairment for the right foot; and 12% impairment for the left shoulder for a total assessment of 16% impairment.

---

[1] Dr. Grady mistakenly included the cervical condition in his assessment. The condition has not been found to be a compensable component of the claim.

On July 8, 2012, the claims administrator granted Mr. Evans a 6% permanent partial disability award. The Office of Judges modified the decision in its August 28, 2014, Order to state that Mr. Evans was granted an additional 6% award above the 10% award he was previously granted. The Office of Judges found that there is no cervical spine condition that is compensable in the claim, and Mr. Evans therefore cannot receive a permanent partial disability award for the cervical spine. The Office of Judges further found that the recommendations of Drs. Walker and Grady are nearly the same when the combined values chart of the American Medical Association's *Guides* is properly used. Dr. Grady found 4% right ankle impairment and 12% left shoulder impairment for a combined rating of 16% whole person impairment. Dr. Walker found 9% impairment for the left shoulder and 7% for the right ankle for a combined rating of 15% whole person impairment. Because Dr. Grady's evaluation was the last in time, it was found to be the most credible assessment of Mr. Evans's impairment. The Office of Judges therefore concluded that he was entitled to a total of 16% permanent partial disability. Since he was previously granted a 10% award, he was found to be entitled to an additional 6% award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 24, 2015.

On appeal, Mr. Evans argues that he is entitled to an additional permanent partial disability award based on Dr. Walker's evaluation. He asserts that Dr. Walker correctly evaluated him for a cervical spine condition and that the Office of Judges incorrectly determined that the cervical spine is not compensable. Bradley Public Service District argues that the cervical spine has clearly been found to not be a compensable condition in the claim. It asserts that the claims administrator specifically denied the addition of cervical conditions to the claim and the decision was affirmed by the Office of Judges.[2]

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The cervical spine is not a compensable condition in the claim, and Mr. Evans therefore cannot be granted a permanent partial disability award for a cervical spine condition. The Office of Judges was within its discretion in finding that Dr. Grady's independent medical evaluation was the most reliable of record, and the Board of Review was correct to affirm the Order. The evidence indicates that Mr. Evans sustained 16% impairment as a result of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

---

[2] On January 11, 2011, the claims administrator denied the addition of cervical spondylosis without myelopathy and displacement of intervertebral disc without myelopathy to the claim. The decision was affirmed by the Office of Judges on June 27, 2011. There is no evidence in the record that Mr. Evans protested the Office of Judges' Order.

**ISSUED:   February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II